ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII-ESPECIAL

| ROSA BEATRIZ SANABRIA NAZARIO Y OTROS<br><br>RECURRIDOS<br><br>v.<br><br>BRISTOL-MYERS SQUIBB PUERTO RICO INC., Y OTROS<br><br>PETICIONARIOS | KLCE202400051 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Número: BY2019CV2885<br><br>Sobre: Discrimen (Ley Núm. 100) y otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Comparece la señora Rosa Beatriz Sanabria Nazario (Sra. Sanabria Nazario; peticionaria) ante este Tribunal de Apelaciones mediante el recurso de *certiorari* ante nuestra consideración, en el que solicita la revocación de una *Resolución y Orden* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 2 de enero de 2024 y notificada el 3 de enero de 2024. Por medio de esta, el foro de instancia ordenó el pago de costas por la cantidad de $4,043.78 a favor de la peticionaria y el 15% del total de indemnización para la compensación de honorarios de abogado. Sin embargo, denegó sus reclamos de intereses legales presentencia y de honorarios legales adicionales conforme a la doctrina de *quantum meruit*.

Por los fundamentos a continuación, denegamos la expedición del recurso discrecional ante este Tribunal.

**I**

El 29 de mayo de 2019, la peticionaria presentó una querella contra Bristol Myers Squibb Puerto Rico, Inc. en la que reclamó: (1) discrimen por razón de edad y origen nacional al amparo de la *Ley Núm. 100*; (2) represalias al amparo de la Ley Núm. 115, (3) despido injustificado al amparo de la *Ley Núm. 80*, y (4) una causa de acción de

Número Identificador
RES2024_____

daños y perjuicios de parte del Sr. Roberto Matías Borreli. El Tribunal de Primera Instancia dictó sentencia en la que dispuso que el despido de la Sra. Sanabria Nazario fue injustificado, por lo cual ordenó el pago de la indemnización correspondiente. No obstante, en cuanto al reclamo de represalias el Tribunal de Primera Instancia resolvió que el despido no obedeció a razones vengativas por haberse quejado sobre la empresa. De igual forma, sostuvo que no procedía su causa de acción sobre discrimen por razón de edad y origen, así como el reclamo de daños.

Inconformes, ambas partes acudieron ante el amparo de este Tribunal de Apelaciones. La querellante sostuvo que no debió desestimar su reclamo de represalias y que tenía derecho a la concesión de honorarios legales, por haber prevalecido en su demanda de despido injustificado. Por su parte, los querellados señalaron que erró el foro de instancia al no incluir ciertas determinaciones de hechos que validaban la corrección del despido, que hubo múltiples ofensas de parte de la querellante y que la empresa tenía fundamentos suficientes para el despido.

Así las cosas, en ese entonces confirmamos la sentencia del foro de instancia en cuanto la procedencia del reclamo sobre despido injustificado. Sin embargo, modificamos para disponer el pago de honorarios de abogado según lo establece la *Ley Sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976. Precisamente, esta ley dispone que procede el quince por ciento (15%) del total de la compensación para el pago de honorarios de abogado puesto que los abogados que representan a trabajadores en reclamaciones contra su patrono están vedados de recibir honorarios por sus servicios.

Posteriormente, devuelto el caso ante el Tribunal de Primera Instancia, la Sra. Sanabria Nazario presentó una solicitud de intereses presentencia. Adujo que, conforme a la Regla 44.3 (b) de Procedimiento Civil, 32 LPRA Ap. V., el Tribunal de Primera Instancia estaba compelido a imponer los intereses presentencia tras su determinación de temeridad.

Además, presentó una *Solicitud Urgente de Orden de Embargo, Mandamiento de Ejecución y Señalamiento de Bienes para Hacer Efectiva el Pago de Mesada e Intereses Post Sentencia a Tenor con la Regla 51 de Procedimiento Civil.*

Tras varias instancias procesales, la peticionaria presentó una *Solicitud de honorarios legales a base de las horas trabajadas al amparo de la doctrina "quantum meruit".* Mediante esta moción expuso que se encontraba ante la consideración del foro de instancia su determinación en cuento a costas y honorarios de abogado. Precisó que, al amparo de la doctrina de *quantum meruit*, procedía la concesión del veinticinco por ciento (25%) de la compensación en concepto de honorarios de abogado. Entre otros fundamentos, sostuvo que invirtió un total de 1,036.30 horas de trabajo en un caso de litigación compleja y múltiples recursos apelativos.

Por su parte, la parte recurrida se opuso a la solicitud de honorarios de abogados debido a que la única causa de acción que procedió fue la de despido injustificado, mientras que las demás causas de represalias, daños y perjuicios, y discrimen por razón de edad y origen no tuvieron éxito. Además, refutó la solicitud de intereses presentencia conforme a la R. 44.3(b) puesto que la causa de acción bajo la Ley Núm. 80 no era equivalente a una reclamación de daños.

Así las cosas, el Tribunal de Primera Instancia dictó *Resolución y Orden* en la que dispuso que la peticionaria incluyó en su memorando de costas gastos que no eran del todo reembolsables. Explicó que estos consistían en gastos de oficina, mensajeros, sellos de correo, servicios de fotocopia y gastos de investigación. Por consiguiente, ordenó pagó de costas ascendentes a $4,043.78. Asimismo, sostuvo que no procedía el reclamo del veinticinco por ciento (25%) en honorarios de abogado puesto que solo halló ha lugar la causa de acción de despido injustificado. Por tal razón concluyó que la determinación de quince por ciento (15%) era razonable. Finalmente, respecto al reclamo de intereses presentencia

sostuvo que no se encontraba ante un caso de cobro de dinero o de daños y perjuicios.

Inconforme, la peticionaria presentó el recurso de *certiorari* ante nuestra consideración, mediante el cual sostiene que el Tribunal de Primera Instancia incurrió en los siguientes errores:

> Erró el TPI al no conceder intereses por temeridad a favor de Sanabria, a pesar de que determinó que BMS fue temeraria en el proceso.

> Erró el TPI al no conceder honorarios legales adicionales al 15% por concluir que el asunto había sido adjudicado por este Honorable Tribunal.

Por su parte, compareció la parte recurrida quien se opuso a los señalamientos de error. Precisó que no se cumplían los criterios establecidos por la Regla 40 del Reglamento del Tribunal de Apelaciones para la expedición del recurso en cuestión. Además, sostuvo que los asuntos planteados en el recurso eran improcedentes.

## II

## A.

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso caracterizado principalmente por la discreción encomendada al tribunal revisor para decidir si debe expedir o denegar el auto. *Id.* Al respecto, los recursos de *certiorari* sobre resoluciones postsentencia deben evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40). Como es sabido, debido a que la discreción judicial no opera en el vacío, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011), la Regla 40 esboza los criterios que este tribunal revisor debe considerar al determinar la expedición o denegación de un auto de *certiorari*. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

La imposición de intereses legales a partir del dictamen de una sentencia constituye parte de la política pública que rige nuestro ordenamiento jurídico. *Meléndez Vega v. El Vocero de PR.*, 189 DPR 123, 242 (2013). Precisamente, se persigue "que las sentencias que envuelvan cuantías monetarias sean satisfechas a la mayor brevedad posible. *Molina y otros v. Rivera y otros*, 178 DPR 506, 515 (2010). Los intereses legales forman parte integral de la sentencia y son recobrables, aunque se omita su mención en el dictamen. En particular, nuestro ordenamiento

reconoce el pago de dos clases de intereses: (1) interés postsentencia sobre la cuantía del dictamen, disponibles a toda parte victoriosa, independiente de si actuó con temeridad o no; y (2) intereses presentencia. Sobre estos últimos, la Regla 44.3(b) de Procedimiento Civil dispone lo siguiente:

> (b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, dependencias o funcionarios o funcionarias en su carácter oficial. El tipo de interés se hará constar en la sentencia.

El interés post sentencia consiste en el tipo de interés que se impone a favor de la parte victoriosa en las sentencias que ordenan el pago de dinero. Este se computa tomando en cuenta la cuantía dispuesta en la sentencia, incluyendo costas y honorarios, y se fija desde la fecha del dictamen hasta su satisfacción. Por otro lado, los intereses presentencia consisten en los impuestos contra la parte que haya procedido temerariamente y se trate de una causa de acción de daños y perjuicios o en cobro de dinero. En este tipo, el interés se fija exclusivamente sobre la suma principal sin incluir cuantía alguna en concepto de costas u honorarios de abogado. *Gutiérrez v. A.A.A.,* 167 DPR 130, 136-37 (2006). En *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 505 (2010), el Tribunal Supremo estableció que los intereses por temeridad eran improcedentes en casos de disolución de una sociedad.

Respecto a los intereses legales presentencia, el Tribunal Supremo ha enfatizado que la imposición de estos no requiere una determinación de temeridad distinta o separa de la correspondiente a la imposición de honorarios de abogado por temeridad. En cambio, se trata de una sola determinación de temeridad respecto a la parte perdidosa. *Montañez v. U.P.R.*, 156 DPR 395, 425 (2002). Sobre el concepto de temeridad este

consiste en "las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan su indebida prolongación". *Colón Santos v. Coop. Seg. Múlt. P.R.*, 173 DPR 170, 178 (2008). Al imponer los honorarios, los tribunales descansan en su discreción y la determinación de la cuantía depende de: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados. *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342-343 (2011). Una vez realizada la determinación de temeridad es imperativo que los tribunales condenen al pago de honorarios de abogado e intereses presentencia. *Torres Ortiz v. E.L.A.,* 136 DPR 556, 565 (1994).

**C.**

En casos de reclamaciones laborales en los que empleados requieren representación legal, los abogados están vedados de cobrarles a estos por sus servicios. Así lo establece la *Ley que Regula la Concesión de Honorarios de Abogado en los Casos de Reclamaciones de Trabajadores o Empleados contra sus Patronos*, Ley Núm. 402 de 12 de mayo de 1950. 32 LPRA sec. 3115. Por tanto, en casos al amparo de la *Ley sobre despidos injustificados*, Ley Núm. 80 de 30 de mayo de 1976, el juzgador debe imponer una cantidad para honorarios de abogado que nunca será menor del quince por ciento (15%) del total de la compensación o cien dólares ($100), la cual sea mayor. 29 LPRA sec. 185k(b).

La cuantía reconocida estatutariamente constituye el mínimo al que tienen derecho los representantes legales de los empleados reclamantes, razón por la cual los tribunales pueden conceder sumas mayores. Para ello el Tribunal Supremo dispuso que en las situaciones en las que un abogado solicite una cuantía mayor en honorarios de abogado por sus esfuerzos debe considerar los siguientes criterios: (a) horas trabajadas y labor realizada, y (b) tarifa que cobra por hora en este tipo de caso. *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574, 583 (1997). Para ello, es

responsabilidad del abogado reclamante que desglose el tiempo invertido en el caso y especificar las tareas realizadas. Por su parte, el tribunal evaluará de acuerdo con su propia experiencia y pericia para determinar lo que es realmente razonable. *Id.* en la pág. 584. Además, tomará en consideración la novedad y dificultad de las controversias. *Id.* Finalmente, los tribunales de primera instancia deben fundamentar su determinación en cuanto a la petición de honorarios adicionales, de manera que los foros apelativos revisar. Sin embargo, "los tribunales apelativos no intervendrán con la determinacion de honorarios realizada en instancia, excepto en casos de abuso de discreción. *Id.*

**III**

Mediante el recurso discrecional ante nuestra consideración, la peticionaria sostiene que erró el Tribunal de Primera Instancia al no conceder intereses legales presentencia cuando determinó que la parte recurrida fue temeraria. Además, adujo que el foro de instancia erró al no conceder honorarios de abogado adicionales por haber concluido que la compensación de los abogados era un asunto ya adjudicado por este Tribunal de Apelaciones. Por los fundamentos a continuación denegamos la expedición del recurso ante nuestra consideración.

Nos corresponde evaluar si se encuentran presentes los criterios que guían nuestra discreción al atender recursos de *certiorari*. Según previamente expuesto, la Regla 40 del Reglamento del Tribunal de Apelaciones dispone los elementos que deben estar presentes en una petición de *certiorari* para su expedición. En el caso de epígrafe no se encuentra ninguno de estos criterios presente.

En primer lugar, la determinacion del foro recurrido respecto a los intereses presentencia no fue contraria a derecho. La Regla 44.3(b) de Procedimiento Civil, *supra*, establece que procede la imposición de intereses legales presentencia en casos de cobro de dinero o daños y perjuicio en los que la parte haya incurrido en temeridad. Sin embargo, en este caso nos encontramos ante una sentencia condenatoria sobre

despido injustificado conforme a la Ley Núm. 80. Mediante una sentencia que es final y firme, el Tribunal de Primera Instancia resolvió que no procedía la causa de acción de daños incluida en la querella. Por consiguiente, no procede la imposición de intereses legales presentencia conforme a la Regla 44.3(b) de Procedimiento Civil, *supra*.

Respecto a la determinación de no conceder honorarios de abogado adicionales al quince por ciento (15%) de la compensación, tampoco incurrió en una conclusión contraria a derecho. Conforme a lo previamente expuesto, la Ley Núm. 80 reconoce como mínimo que los abogados representantes de trabajadores que prevalecen en su reclamo de despido injustificado tienen derecho al quince por ciento (15%) de la compensación. Sin embargo, conforme la jurisprudencia aplicable, los defensores que entiendan que merecen mayor compensación pueden solicitar honorarios adicionales. Respecto a ello, los tribunales retienen discreción para otorgarlos según el criterio de razonabilidad.

En el caso ante nuestra consideración, el foro de instancia tuvo ante sí una petición de honorarios adicionales fundamentada, la cual incluyó el desglose de horas trabajadas y las tarifas cobradas ordinariamente. No obstante, el foro recurrido concluyó que no procedía la petición de honorarios. Particularmente, razonó que "[e]s nuestro entender, que el Honorable Tribunal de Apelaciones determinó que el 15% de honorarios de abogado es uno razonable por el trabajo realizado por los abogados". Así las cosas, concluimos que el foro primario no incurrió en abuso de discreción ni error de derecho. Esta determinacion de honorarios adicionales descansa en la discreción del foro recurrido, quien evaluó la petición y la adjudicó. Ausente un abuso de discreción, el Tribunal de Apelaciones no se encuentra en posición para intervenir con la determinacion recurrida.

**IV**

Por los fundamentos anteriores, denegamos la expedición del recurso de *certiorari* solicitado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.