Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MABEL ROSA HERNÁNDEZ VÉLEZ<br><br>Peticionaria<br><br>v.<br><br>ISRAEL ANTONIO HERNÁNDEZ VÉLEZ, WILLIAM HERNÁNDEZ VÉLEZ, ELIEZER HERNÁNDEZ VÉLEZ<br><br>Recurridos | TA2025CE00464 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil núm.: AG2023CV00555<br><br>Sobre: Liquidación de Bienes Hereditarios |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Comparece ante este tribunal apelativo, la Sra. Mabel Hernández Vélez (señora Hernández Vélez o peticionaria), mediante el recurso de *certiorari*[1] de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 5 de agosto de 2025, notificada el día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de la peticionaria para que se impusieran costas y honorarios de abogado.

Por los fundamentos que expondremos a continuación, determinamos denegar el auto de *certiorari* solicitado.

**I.**

El 15 de abril de 2023, la señora Hernández Vélez presentó una demanda sobre liquidación de bienes hereditarios en contra de

---

[1] Mediante *Resolución* emitida el 16 de septiembre de 2025 acogimos el recurso como un *certiorari* por tratarse de una resolución post-sentencia y ordenamos a nuestra Secretaría a proceder con el cambio correspondiente en nuestro sistema alfanumérico.

los señores Israel Antonio Hernández Vélez, William Hernández Vélez y Eliezer Hernández Vélez. En síntesis, adujo que la causante, la Sra. Blanca Rosa Vélez Pagan, falleció el 4 de marzo de 2017 en el pueblo de Moca, habiendo otorgado Testamento Ológrafo, el 17 de mayo de 2013. Por lo que, se instó una petición sobre adveración y protocolización de Testamento Ológrafo, caso civil número AJV2017- 0096, en el cual se dictó Resolución el 27 de marzo de 2018. El 24 de mayo de 2019 se otorgó la Escritura Número 1 sobre Acta de Protocolización de Testamento Ológrafo, ante el Notario Lcdo. Derik V. Molinary Cortés.

Expresó que la causante dejó un bien inmueble que consta de un solar urbano con una casa de dos plantas de concreto cuya valoración asciende a $162,000, según la tasación realizada por el Sr. Héctor A. Colón Avilés el 16 de marzo de 2021.

Indicó, además, que una de las partes a heredar -en calidad de legataria- es la menor Mía Jinelli Sotomayor Hernández (MJSH), por lo que, sería necesario la intervención de la Procuradora de Menores para velar por los intereses de esta en todo el proceso.  Por lo que, solicitó que el referido inmueble sea liquidado conforme al testamento ológrafo, lo cual se refleja en tabla de distribución de bien, que detalla la forma y manera de adjudicación. Además, peticionó que se les imponga a los demandados las costas, gastos y $24,300 en concepto de honorarios de abogado.

Del Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI) surge que el Sr. Israel Antonio Hernández Vélez fue emplazado personalmente; que el Sr. Eliezer Hernández Vélez presentó la renuncia al emplazamiento personal, y que el Sr. William Hernández Vélez fue emplazado por edicto. Asimismo, surge que, el 16 de julio de 2023, el TPI anotó la rebeldía al Sr. Israel Antonio

Hernández Vélez, y el 4 y 5 de octubre de 2023 al Sr. Eliezer Hernández Vélez.[2]

Por su parte, el 9 de abril de 2024, la menor MJSH representada por su madre, Sra. Ginellie Hernández Pellot, presentó la *Contestación a la Demanda Enmendada* en la que, entre otras alegaciones, aceptó que junto a los demás codemandados componen la Sucesión de la Sra. Blanca Rosa Vélez Pagán (en conjunto, los recurridos).[3]

Luego de trámites procesales, innecesarios consignar, el 19 de diciembre de 2024 se celebró el juicio en su fondo. De la *Minuta*[4] surge que comparecieron la señora Hernández Vélez, representada por la Lcda. María Angélica Cintrón Pastrana y el Lcdo. Ramón A. Pérez González como abogado de la menor MJSH, quien está siendo representada por su madre, la Sra. Ginellie Hernández Pellot. Los señores Israel Antonio Hernández Vélez, William Hernandez Vélez y Eliezer Hernández Vélez no comparecieron, ni representación legal alguna. Respecto a estos, el TPI expresó que están en rebeldía y que no se han comunicado con el tribunal.

De la *Minuta* surge, además, que luego de recibida la prueba testifical y la documental admitida, el foro revisado les concedió a las partes hasta el 31 de enero de 2025, para que informen si fue posible llegar a un acuerdo; o de lo contrario, emitirá su resolución por escrito.

Así las cosas, el 30 de junio de 2025, el foro *a quo* emitió la Sentencia en la que declaró *con lugar* a la liquidación hereditaria,

---

[2] En las Órdenes dictadas el 3 de octubre y notificadas el 4 y 5 siguiente, el foro recurrido volvió a notarle la rebeldía al Sr. Israel Antonio Hernández Vélez. Véase, SUMAC TPI, Entradas núms. 20 y 21.

[3] La Oficina de la Procuradora de Asuntos de Familia en función de Ministerio Público le solicitó al TPI que "En vista de que no estamos ante una solicitud de autorización judicial, sino ante un pleito ordinario de partición de herencia, solicitamos ser excluidos del caso y el cese de las notificaciones. La menor en este caso ha contestado la demanda por conducto de su representante legal y en el proceso sus intereses son representados por su madre con patria potestad." SUMAC TPI, Entrada núm. 39. Lo cual fue aceptado por el foro primario mediante Orden del 19 de abril de 2024. SUMAC TPI, Entrada núm. 40.

[4] SUMAC TPI, Entrada núm. 62.

sobre el bien ubicado en la Calle José C. Barbosa en el municipio de Moca, según el Testamento Ológrafo protocolizado el 27 de marzo de 2018.[5] Asimismo, decretó la distribución para cada heredero según dispuesto en dicho Testamento Ológrafo, al momento de la compraventa del bien, de acuerdo con el precio establecido en la tasación realizada por el Sr. Héctor A. Colón Avilés el 16 de marzo de 2021, por $162,000. La misma se notificó el 1 de julio siguiente. **Enfatizamos que en el dictamen el TPI no imputó temeridad a los recurridos**.

Ese mismo día, 1 de julio de 2025, la señora Hernández Vélez presentó una *Moción Aclaratoria* en la que expresó "… Que en dicha Sentencia no se hace mención sobre los honorarios, costas y gastos de la representación legal en cuanto al presente caso de Liquidación de Bienes Hereditarios el cual fue discutido en la vista su fondo, acuerdo entre las partes y el proyectos [*sic*] de sentencia presentado."[6] El foro primario concedió término a la parte recurrida para expresarse respecto a este asunto.

El 30 de julio siguiente, la peticionaria presentó una *Moción Aclaratoria* en la que nuevamente formuló que "Que muy respetuosamente le solicitamos a este Honorable Tribunal nos ilustre sobre lo mencionado en cuanto a los honorarios, costas y gastos de la representación legal a razón de un 10% en cuanto al presente caso de Liquidación de Bienes Hereditarios a ser cubiertos por los herederos Mabel Hernández Vélez, Israel Antonio Hernández Vélez, William Hernández Vélez y Eliezer Hernández Vélez en partes iguales."[7]

---

[5] SUMAC TPI, Entrada núm. 75. La Sentencia fue notificada por edicto al Sr. William Hernández Vélez.
[6] SUMAC TPI, Entrada núm. 77.
[7] SUMAC TPI, Entrada núm. 80.

El mismo día, la menor MJSH replicó mediante una *Moción en Cumplimiento de Orden* en la que informó estar en desacuerdo con que se le impusieran honorarios de abogado.[8]

Así las cosas, el 5 de agosto de 2025, notificada al día siguiente, el TPI emitió la *Resolución* recurrida en donde declaró *No Ha Lugar* a la solicitud de la peticionaria. Al respecto, dictaminó que la señora Hernández Vélez "… no cumplió con la especificidad que requiere el memorando de costas, conforme a la Regla 44.1 de Procedimiento Civil. Tampoco cumplió con establecer hechos concretos, para acreditar que la parte demandada haya incurrido en conducta temeraria…"[9]

La peticionaria presentó oportuna reconsideración, la cual fue denegada por el foro recurrido mediante una Resolución emitida y notificada el 14 de agosto de 2025.

Todavía inconforme, la parte peticionaria acude ante esta *Curia* imputándole al TPI haber incurrido en los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL INCUMPLIR EL TEXTO CLARO DE LA REGLA 44.1 (D) DE PROCEDIMIENTO CIVIL, LA CUAL REQUERÍA QUE IMPUSIERA A LOS HERMANOS LOS HONORARIOS DE ABOGADOS POR HABER ACTUADO TEMERARIAMENTE ANTES Y DURANTE EL PLEITO.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL CONCLUIR QUE LOS REMEDIOS SOLICITADOS EN LA RECONSIDERACIÓN NO CUMPLIERON CON LA REGLA 44.1 (D) EN DONDE LA PARTE DEMANDANTE NO CUMPLIÓ CON LA ESPECIFICIDAD QUE REQUIERE EL MEMORANDO DE COSTAS, CONFORME A LA REGLA 44.1 DE PROCEDIMIENTO CIVIL.
>
> TERCER ERROR: ERRÓ EL TPI AL CONCLUIR QUE LOS REMEDIOS SOLICITADOS EN LA RECONSIDERACIÓN NO CUMPLIERON CON ESTABLECER HECHOS CONCRETOS, PARA ACREDITAR QUE LA PARTE DEMANDADA HAYA INCURRIDO EN CONDUCTA TEMERARIA.

---

[8] SUMAC TPI, Entrada núm. 81.
[9] SUMAC TPI, Entrada núm. 84.

El 16 de septiembre de 2025, emitimos una *Resolución* en la que como mencionamos, entre otros asuntos, concedimos a la parte recurrida el término de diez (10) días para expresarse. Transcurrido el término concedido sin que la parte recurrida se expresara, damos por perfeccionado el recurso y disponemos sin el beneficio de su comparecencia.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**III.**

En esencia, la peticionaria arguyó que el TPI incidió al fallar en imponer a los señores Israel Antonio Hernández Vélez, William Hernández Vélez y Eliezer Hernández Vélez los honorarios de abogado por haber actuado temerariamente antes y durante el pleito. Asimismo, expuso que erró el foro primario al razonar que no se cumplió con la especificidad que requiere el memorando de costas, conforme a la Regla 44.1 de las de Procedimiento Civil, *infra*.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado al palio de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De una lectura de la referida norma, surge que están ausentes los criterios

anteriormente enumerados, por lo que no procede nuestra intervención.

Nos explica el tratadista Cuevas Segarra que, en casos de rebeldía por incomparecencia, tal acción no constituye temeridad por lo cual no procede la imposición de honorarios de abogado. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1314.[10] Recordemos, además, que la conducta temeraria solo ocurre una vez se ha iniciado un pleito. *Torres Ortiz v. ELA*, 136 DPR 556, 566 (1994). Tampoco obviemos que los hechos correctamente alegados serán admitidos como ciertos contra el rebelde. *Rivera Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 932 (1996). Asimismo, la rebeldía autoriza al tribunal para que se dicte sentencia si ésta procede como cuestión de derecho. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, 6ta. Ed. LexisNexis de Puerto Rico, Inc., 2017, sec. 2704, pág. 329.

Al respecto, precisa enfatizar que a los señores Israel Antonio Hernández Vélez, William Hernández Vélez y Eliezer Hernández Vélez el TPI les anotó la rebeldía por incomparecer a defenderse en el pleito.

Por su parte, la señora Hernández Vélez presentó ante el TPI una moción aclaratoria que a todas luces no constituye el memorando de costas exigido en el ordenamiento jurídico. La Regla 44.1(b) de las de Procedimiento Civil, 32 LPRA Ap. V. R. 44.1(b), dispone que la parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término **de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia**, <u>una relación o memorandum de todas las partidas de gastos y desembolsos necesarios en que se</u>

---

[10] Véase, además, H. Sánchez Martínez, *Rebelde sin costas*, Año 4 (Núm. 2) Boletín Judicial 14-19 (1982).

**incurrió durante la tramitación del pleito o procedimiento**. Asimismo, la norma establece que el memorandum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y **que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento**.

En el caso *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 217 (2017), el Tribunal Supremo decretó que los términos de presentación ante el tribunal y notificación del memorando de costas a las partes, según dispuestos en la Regla 44.1(b) de las de Procedimiento Civil, *supra*, son jurisdiccionales. Así pues, **un término jurisdiccional es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas**. *Íd., a la pág. 208.*

En fin, examinada la determinación impugnada a la luz de las disposiciones de la Regla 40 de nuestro Reglamento, *supra*, y ante la ausencia de prejuicio, parcialidad o error en la aplicación de una norma jurídica, estamos impedidos de variar el dictamen cuya revisión se nos solicita. Tampoco quedó demostrado que nuestra intervención, en esta etapa de los procedimientos, evitaría un fracaso de la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones