ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII-ESPECIAL

| CONSEJO DE TITULARES DEL CONDOMINIO COSTA BRAVA Y OTROS<br><br>RECURRIDOS<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC.<br><br>PETICIONARIO | KLCE202400112 consolidado con KLCE202400161 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Número: CE2019CV00104<br><br>Sobre: Incumplimiento Aseguradores Huracanes Irma/María |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, Triple-S Propiedad, Inc. (en adelante, Triple S o peticionario) mediante los recursos de *certiorari* de autos. Por medio de estos señaló que el Tribunal de Primera Instancia, Sala Superior de Ceiba, incurrió en error al excluir las transcripciones de múltiples deposiciones tomadas por este. Además, impugnó la imposición en su contra de honorarios de abogado e intereses legales. Por los fundamentos a continuación, denegamos la expedición de los recursos.

**I**

El 19 de septiembre de 2019, el Consejo de Titulares del Condominio Costa Brava (en adelante, recurridos) radicó una demanda contra Triple S por los daños y las pérdidas sufridas en el Condominio Costa Brava como consecuencia del paso del Huracán María. Sostuvo que la aseguradora se había rehusado a cumplir sus obligaciones contractuales al no indemnizar los daños significativos. Tras múltiples instancias procesales, ante la revisión de una moción de sentencia sumaria denegada por el foro de instancia, este Tribunal de Apelaciones dictó sentencia mediante la cual se ordenó el pago de $270,806.79.

Número Identificador
RES2024_____

En dicha ocasión anterior, sostuvimos que procedía la resolución sumaria parcial de una reclamación de incumplimiento de contrato de seguro para ordenar el pago parcial o adelanto conforme al ajuste presentado. Así, razonamos que el monto de $270,806.79 era una suma líquida sobre la cual no existía controversia entre las partes. Por tanto, revocamos la resolución del Tribunal de Primera Instancia puesto que no era necesario esperar a la resolución final de la totalidad de la reclamación para ordenar el pago de la suma anterior conforme al Artículo 27.166 del Código de Seguros, 26 LPRA sec. 2716f. Recalcamos que aún permanecía una suma ilíquida considerable en controversia, precisamente la diferencia entre las cuantías estimadas por Triple S y las reclamadas por el asegurado. Así las cosas, ordenamos el pago de la suma líquida y libre de controversia, y devolvimos el caso para la continuación de los procedimientos.

Devuelto el caso, los recurridos presentaron una *Moción In Limine* en la que solicitó que el Tribunal de Primera Instancia excluyera las trascripciones de siete deposiciones que la parte demandada incluyó en el *Informe con Antelación a Juicio*. Adujo que dichas transcripciones no habían sido notificadas conforme a la Regla 29.3(d) de Procedimiento Civil, 32 LPRA Ap. V. En consecuencia, sostuvo que dicho proceder le causó una situación de desventaja significativa y afectó gravemente sus intereses en el litigio.

Por su parte, el peticionario se opuso a la solicitud al señalar que no procedía la petición de eliminación por que utilizaría dichas transcripciones exclusivamente como prueba de impugnación. Añadió que los recurridos no lograron explicar en qué manera se vieron perjudicados sus intereses. Por cuanto, estimó que los recurridos tenían tiempo suficiente para examinar las transcripciones previo al inicio del juicio.

Atendidas las mociones de las partes, el Tribunal de Primera Instancia ordenó la supresión de las transcripciones de las deposiciones bajo el fundamento de que estas no fueron notificadas conforme al término

provisto por la Regla 27.8 de Procedimiento Civil, *supra*. El foro de instancia razonó que la demandada no podía evitar los requisitos de la regla anterior "con la excusa de que se trata de prueba de impugnación que no tendría que haber anunciado" y "[t]odo lo contrario, por tratarse de prueba que pudiera utilizarse sin anuncio debemos ser rigurosos en proteger su confiabilidad". Añadió que el propósito de esta regla es proteger los efectos del tiempo contra la memoria, por lo cual concluyó que sería excesivamente oneroso para los deponentes tener que verificar las transcripciones descansando en su memoria después de transcurrido un año y medio. Sin embargo, el foro de instancia adujo que, haciendo un balance de intereses, permitió la producción de los audios de las deposiciones en sustitución de las transcripciones.

Posteriormente, los recurridos presentaron un *Memorando solicitando pago de honorarios de abogados, intereses por mora, intereses legales y costas*. En esencia argumentaron que la suma sentenciada por el Tribunal de Primera Instancia ascendía a $570,944.17 tras la imposición de intereses por temeridad, honorarios de abogado, intereses por mora y costas. La parte demandada se opuso a la imposición de las sumas solicitadas. Precisó que la Regla 44.3(a) de Procedimiento Civil requiere que se dicte una sentencia que finiquite alguna o todas las causas de acción.

En este caso sostuvo que el dictamen no constituye una *sentencia*, pues no dispuso ninguna de las causas de acción de la demanda. Por tanto, sostuvo que no procedía la imposición de intereses legales en esa etapa de los procedimientos. Además, adujo que no podía imponerse intereses por mora conforme al Artículo 1061 del Código Civil, 31 LPRA sec. 3017, porque no había una deuda líquida, vencida ni exigible para el 19 de septiembre de 2019. Asimismo, alegó que para imponerle el pago de honorarios de abogado conforme al Artículo 27.165 del Código de Seguros de Puerto Rico era necesaria una determinación de que la parte demandada actuó de mala fe. Finalmente, sostuvo que tampoco procedía

la imposición de honorarios de abogado conforme a la Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, puesto que no hubo determinación de temeridad.

El 9 de enero de 2024, el Tribunal de Primera Instancia dictó una orden al respecto en la que dispuso lo siguiente:

> En adición al pago de ajuste ordenado por el Tribunal Apelativo a Triple S desembolsar a la demandante, se ordena a Triple S adicionalmente al pago de intereses al tipo legal sobre la cantidad de $270,806.79 desde la radicación de la demanda hasta su actual desembolso y $10,000.00 en honorarios de abogado. No procede determinación de temeridad alguna ni ulterior imposición de intereses. Se le confieren la cantidad de $102.00 en costas de apelación.

Inconforme con ambas determinaciones, Triple S presentó los recursos de *certiorari* ante nuestra consideración, mediante los cuales imputó que el Tribunal de Primera Instancia incurrió en los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al excluir o suprimir unas transcripciones de deposición anunciadas en el informe de conferencia con antelación al juicio por entender que no fueron notificadas oportunamente para su revisión. Ello, a pesar de que las transcripciones ya han sido notificadas y la vista en su fondo está señalada para comenzar en agosto de 2024, por lo que existe tiempo suficiente para revisarlas. Cualquier error o irregularidad en el trámite de la transcripción, si alguno, pudo ser subsanado, y la parte recurrida no ha identificado justificadamente un perjuicio sufrido en la tardanza imputada.

> Erró el TPI al no tomar en consideración que las deposiciones mencionadas en el informe de conferencia con antelación al juicio fueron anunciadas como prueba de impugnación o refutación, por lo que no es evidencia sustantiva para probar un hecho. El remedio adoptado incorrectamente le confiere a las transcripciones de deposiciones un tratamiento de evidencia documental independiente, en lugar de reconocerlo como método de reproducción de prueba.

> Actuó incorrectamente el TPI al imponer un remedio ajeno al contenido de la Regla 29.3(D) de Procedimiento Civil, que retrasará indebidamente el litigio y provee que el audio o grabación sea el método de prueba a aceptar a Triple-S, en lugar de las transcripciones.

> Erró el TPI al conceder honorarios de abogado a favor del condominio a pesar de que la demanda de epígrafe no fue presentada bajo la causa de acción civil creada por la Ley 247-2018, codificada en el artículo 27.164 del Código de Seguros, ni mucho menos ha habido una determinación judicial de que Triple-S incurrió en mala fe, prácticas desleales o temeridad.

Erró el TPI al conceder honorarios de abogados a favor del condominio a pesar de que resolvió expresamente de que no procedía una determinación de temeridad en contra de Triple-S, por lo que dicho remedio tampoco bajo la Regla 44.1(D).

Erró el TPI al conceder intereses que abarcan tanto el periodo anterior como posterior a la decisión del TA de conceder el adelanto del ajuste, a pesar de que estos son improcedentes bajo la Regla 44.3(A) y (B) de Procedimiento Civil, y bajo los artículos 1053 y 1061 del Código Civil de 1930.

Por estar íntimamente relacionados, ordenamos la consolidación de ambos recursos de *certiorari* conforme a la Regla 80.1 del Reglamento del Tribunal de Apelaciones para disponer de estos en conjunto. Contando con la comparecencia de los recurridos en ambos casos, atendemos los recursos ante nuestra consideración.

**II**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso caracterizado principalmente por la discreción encomendada al tribunal revisor para decidir si debe expedir o denegar el auto. *Id.* Al respecto, los recursos de *certiorari* sobre resoluciones postsentencia deben evaluarse bajo los parámetros establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40). La regla 52.1 de Procedimiento Civil dispone que de ordinario no proceden los recursos de *certiorari* para revisar resolución y órdenes interlocutorias salvo que se trate de la revisión de ordenes bajo las Reglas 56 o 57, denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, se permite la revisión de ordenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurre de una determinación sobre admisibilidad de testigos de hecho o peritos, asuntos sobre privilegios evidenciarios, anotaciones de rebeldía, casos de familia, casos de interés público o en cualquier otra situación que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Como es sabido, debido a que la discreción judicial no opera en el vacío, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011), la Regla 40 esboza los criterios que este tribunal revisor debe considerar al determinar la expedición o denegación de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido, por tanto, debemos ejercer nuestra discreción para evaluar si, a la luz de estos criterios, se requiere nuestra intervención. Si no fuera así, procede que nos abstengamos de expedir el auto, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

Por *fracaso irremediable de la justicia*, el Tribunal Supremo ha señalado que se trata de las siguientes circunstancias: cuando la decisión interlocutoria afecta perjudicialmente el trámite judicial, lo cual tiene la posibilidad práctica de tornar dicha determinación inapelable; cuando afecte la prerrogativa de alguna parte en seleccionar su abogado de predilección; cuando la determinación interlocutoria de ser errónea conllevaría la eventual revocación de la determinación de instancia. S. Steidel Figueroa, *Controversias en el ordenamiento procesal civil: A propósito del seminario de procedimiento civil*, 47 Rev. Jur. UIPR 793, 802-03 (2013), *que cita a Job Connection Center Inc. v. Supermercados Econo Inc.*, 185 DPR 585 (2012). "Tal escenario podría configurarse cuando la determinación interlocutoria tiene alguna consecuencia sustancial y directa en la resolución de las controversias de un caso". *Id.* en la pág. 803. El Tribunal Supremo, en *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 186 (2020), señaló que esta disposición obedece el principio de economía procesal, de manera que no se retrase aún más y de forma innecesaria la adjudicación de las controversias medulares de un caso.

**B**.

La Regla 23 de Procedimiento Civil establece las disposiciones que rigen el descubrimiento de prueba. Los tribunales retienen amplia discreción para regular este proceso de manera que se consiga una solución justa, rápida y económica, sin ventajas para ninguna de las partes. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 153-54 (2000). Entre los mecanismos de descubrimiento de prueba se encuentran las deposiciones. La Regla 27.8 de Procedimiento Civil, *supra*, que gobierna la toma de deposiciones establece el término de entrega para presentar la transcripción de la deposición al deponente. Precisamente dispone que desde que la persona taquígrafa entrega la transcripción a la parte, esta tiene diez (10) días para presentar la transcripción al deponente. Sin embargo, el deponente o las partes pueden renunciar a dicho examen y

lectura. A su vez, el deponente tendrá treinta (30) días para realizar enmiendas de forma o de contenido.

Por otro lado, la Regla 29.3(d) de Procedimiento Civil, dispone el efecto de los errores o irregularidades en la tramitación de las deposiciones. Precisamente, una falta en la trascripción o reproducción del testimonio o en la forma en que fue transmitida o presentada, "se entenderán renunciados a menos que se presente una moción para suprimir la deposición, o alguna parte de ella, dentro de los treinta (30) días a partir de que dicho defecto o que mediante la debida diligencia haya podido ser descubierto".

## C.

La imposición de intereses legales a partir del dictamen de una sentencia constituye parte de la política pública que rige nuestro ordenamiento jurídico. *Meléndez Vega v. El Vocero de PR.*, 189 DPR 123, 242 (2013). Precisamente, se persigue "que las sentencias que envuelvan cuantías monetarias sean satisfechas a la mayor brevedad posible." *Molina y otros v. Rivera y otros*, 178 DPR 506, 515 (2010). Los intereses legales forman parte integral de la sentencia y son recobrables, aunque se omita su mención en el dictamen. En particular, nuestro ordenamiento reconoce el pago de dos clases de intereses: (1) interés postsentencia sobre la cuantía del dictamen, disponibles a toda parte victoriosa, independiente de si actuó con temeridad o no; y (2) intereses presentencia. Sobre estos últimos, la Regla 44.3(b) de Procedimiento Civil dispone que:

> (b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta regla y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, dependencias o funcionarios o funcionarias en su carácter oficial. El tipo de interés se hará constar en la sentencia.

El interés post sentencia consiste en el tipo de interés que se impone a favor de la parte victoriosa en las sentencias que ordenan el pago de

dinero. Este se computa tomando en cuenta la cuantía dispuesta en la sentencia, incluyendo costas y honorarios, y se fija desde la fecha del dictamen hasta su satisfacción. Por otro lado, los intereses presentencia consisten en los impuestos contra la parte que haya procedido temerariamente y se trate de una causa de acción de daños y perjuicios o en cobro de dinero. En este tipo, el interés se fija exclusivamente sobre la suma principal sin incluir cuantía alguna en concepto de costas u honorarios de abogado. *Gutiérrez v. A.A.A.,* 167 DPR 130, 136-37 (2006).

Respecto a los intereses legales presentencia, el Tribunal Supremo ha enfatizado que la imposición de estos no requiere una determinación de temeridad distinta o separada de la correspondiente a la imposición de honorarios de abogado por temeridad. En cambio, se trata de una sola determinación de temeridad respecto a la parte perdidosa. *Montañez v. U.P.R.,* 156 DPR 395, 425 (2002). Sobre el concepto de temeridad este consiste en "las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan su indebida prolongación". *Colón Santos v. Coop. Seg. Múlt. P.R.,* 173 DPR 170, 178 (2008). Al imponer los honorarios, los tribunales descansan en su discreción y la determinación de la cuantía depende de: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada, y (5) el nivel profesional de los abogados. *C.O.P.R. v. S.P.U.,* 181 DPR 299, 342-343 (2011). Una vez realizada la determinación de temeridad es imperativo que los tribunales condenen al pago de honorarios de abogado e intereses presentencia. *Torres Ortiz v. E.L.A.,* 136 DPR 556, 565 (1994).

Por otro lado, el Código Civil de 1930 reconocía los intereses como indemnización por mora. 31 LRA sec. 3025. Precisamente establecía: "Si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de los intereses convenidos, y a falta de convenio, en el interés legal". Incurre en mora "los obligados a entregar o hacer alguna

cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación". Artículo 1053 del Código Civil de 1930, 31 LPRA sec. 3017. La mora consiste, pues, en el retraso injustificado del cumplimiento de la obligación, según convenido o establecido por ley. José R. Vélez Torres, *Derecho de Obligaciones* 259 (2da ed. Revisada, U.I.P.R.1997).

**D.**

Sabido es que el negocio de seguros está revestido de un alto interés público, regulado por el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 101 *et seq. Nevárez Agosto v. United Surety & Indemnity Company*, 209 DPR 346, 358 (2022). Tras la temporada de huracanes del 2017, el legislador, motivado por la devastación de los huracanes de la temporada del 2017 así como la pobre respuesta de las aseguradoras, adoptó un esquema de mayores protecciones y mejores herramientas a los asegurados afectados. Mediante la exposición de motivos de dicha ley especificó que en otros estados se proveían las siguientes protecciones: "(1) el remedio civil que protege al asegurado contra acciones de mala fe por parte de aseguradoras y (2) el proveer mayor acceso a la justicia al obligar a compañías aseguradoras que obran de mala fe el pago de honorarios de abogado a favor de los asegurados". Ley Núm. 247-2018, Exposición de motivos. Por consiguiente, adoptó un mecanismo que evitaba presentar causas de acción ante los tribunales por los altos costos que ello conlleva.

Así las cosas, el mecanismo contemplado por el Artículo 26.164 permite la presentación de acciones civiles por violaciones a determinadas disposiciones del Código de Seguros, por no resolver las reclamaciones de buena fe, por no realizar pagos o por no resolver las reclamaciones con prontitud. 26 LPRA sec. 2716d. Esta causa de acción requiere, como cuestión jurisdiccional, que antes se notifique por escrito al Comisionado y a la aseguradora de la violación. *Id.*, sec. 2716d(3). Esta disposición establece los remedios reparadores que proceden "[e]n caso de

adjudicación adversa o luego de una apelación, el asegurador autorizado será responsable de los daños, junto con costos judiciales y *honorarios razonables de abogados* incurridos por el demandante". *Id.*, sec. 2716d(4) (Énfasis suplido). Además, contempla la imposición de daños punitivos cuando los actos que den lugar a la violación sean, en esencia, maliciosos, temerarios o voluntariosos. *Id.*, sec. 2716(5).

No obstante, la causa de acción reconocida por el Código de Seguros no es la única vía disponible para los asegurados que presenten reclamos ante sus aseguradores. Entre los medios disponibles se encuentran las acciones ordinarias en materia de contratos o derecho extracontractual. *Id.*, sec. 2716(6); *Consejo Titulares* v. MAPFRE, 208 DPR 761, 783 (2022). El Artículo 26.165(1) contempla, nuevamente, la concesión de costas y honorarios de abogado, como sigue:

> Al recaer una sentencia o decreto por cualquiera de los tribunales contra un asegurador y en favor de cualquier asegurado nombrado o el beneficiario designado bajo una póliza o contrato ejecutado por el asegurador, el Tribunal de Primera Instancia o, en el caso de una apelación en la que prevalezca el asegurado o beneficiario, el tribunal de apelación, deberá adjudicar o decretar contra el asegurador y a favor del asegurado o el abogado del beneficiario una suma razonable como honorarios o compensación por haber procesado la demanda en la que se obtuvo una recuperación. 26 LPRA sec. 2716e.

Conforme a *Con. Tit. 76 Kings Court v. MAPFRE*, 208 DPR 1018, 1040 (2022) la causa de acción conforme al Art. 27.164 del Código de Seguros solo está disponible cuando la aseguradora optó por no remediar un reclamo notificado. En este caso el Tribunal Supremo señaló que una vez prevalece en su reclamo conforme a esta sección, "el asegurado tendrá derecho a obtener una suma razonable en concepto de honorarios de abogado" y "[e]se derecho aparece consignado en los Arts. 27.164(4) (26 LPRA sec. 2716d(4)) y 27.165 del Código de Seguros". *Id.* en la pág. 1032.

### III

En primer lugar, nos corresponde atender los señalamientos de error del peticionario respecto al descubrimiento de prueba y la exclusión de las transcripciones de deposición. Por entender que estos señalamientos

están íntimamente relacionados los discutiremos en conjunto. Este puntualizó que el foro de instancia erró al señalar que su falta de notificación provocaba su exclusión cuando restaba tiempo suficiente para subsanar cualquier trámite. Sostuvo que su intención era utilizar las transcripciones como prueba de impugnación y como tal no era necesario incluirlo como prueba documental en el informe con antelación a juicio. Finalmente sostuvo que la supresión no procedía en este caso conforme a la Regla 29.3(d).

Examinado el expediente, concluimos que la orden impugnada no es contraria a derecho. Según antes esbozado, la Regla 27.8 de Procedimiento Civil, *supra*, exige que se entregue la transcripción al deponente diez (10) días después de que esta le fuera entregada por el transcriptor a la parte. Por otro lado, la Regla 29.3(d) dispone el remedio para impugnar errores en la tramitación de la deposición. Para ello contempla un término de treinta (30) días en los que se puede solicitar la supresión de la deposición. Una vez transcurrido dicho término sin oposición, se entienden renunciados.

En el caso ante nuestra consideración, transcurrió aproximadamente un año y medio desde la toma de la deposición hasta la eventual notificación de estas. Por consiguiente, si bien había transcurrido el término de para solicitar la supresión de estas, el Tribunal de Primera Instancia no abusó de su discreción al ordenar la eliminación de las transcripciones por el periodo extenso de tiempo que la parte peticionaria dejó transcurrir sin producir las transcripciones. Recuérdese que los tribunales de instancia moderan el manejo de la etapa de descubrimiento de prueba. De todos modos, permitió el uso de las deposiciones como prueba de impugnación mediante el audio de la grabación de estas. Esta determinación no resulta irrazonable ante los hechos en cuestión y el derecho aplicable.

Segundo, nos corresponde evaluar los señalamientos de error sobre honorarios de abogado e intereses legales. Según antes esbozado, de

ordinario la imposición de honorarios de abogado conforme a la Regla 44.1(D) requiere de una determinación de temeridad. Sin embargo, en materia de seguros, el Código de Seguros de Puerto Rico dispone una concesión especial de honorarios de abogado. En esencia, para que proceda la imposición de honorarios de abogado conforme al Artículo 27.1645, *supra*, se requiere: (1) sentencia o decreto del Tribunal de Primera Instancia o Tribunal de Apelación; (2) contra asegurador; (3) a favor de un asegurado o beneficiario. *Id.* Se desprende del texto de la ley, el cual no deja margen a otras interpretaciones, que esta disposición surte efecto en todos los casos que cumplan estos requisitos. En el caso ante nuestra consideración, este Tribunal de Apelaciones dictó sentencia en la que se impuso el pago parcial contra Triple S y a favor de los recurridos.

No tiene razón la contención del peticionario en cuanto a que dicha imposición a la luz del Código de Seguros requiere la presentación de una causa de acción al amparo del Artículo 27.164. Según antes esbozado, el legislador proveyó la imposición de honorarios de abogado en dos disposiciones, una en la acción particular del Artículo 27.164, y otra general del Artículo 27.165, la cual no especifica el tipo de causa de acción en el que aplica. Esta redundancia nos obliga a interpretar que tiene efecto en todos los casos que cumplan los requisitos antes descritos. Esta interpretación obedece a la intención legislativa de proveerle un remedio completo a los asegurados frente a sus aseguradoras.

Finalmente, el peticionario impugnó la imposición de intereses desde la radicación de la demanda hasta el desembolso del adelanto del ajuste. Sostuvo que conforme a la Regla 44.3(a) solo proceden los intereses a partir de la fecha en que se dictó la sentencia y hasta su satisfacción. Por otro lado, conforme al inciso (b) de esta regla, para ordenar el pago de intereses legales presentencia se requiere una determinación de temeridad. En este caso no hubo tal determinación de temeridad, según expresamente reconocido por la orden en cuestión. Sin embargo, según establecido en nuestra sentencia previa, la aseguradora

peticionaria estaba obligada al pago del pago parcial. Su falta de cumplimiento con dicho pago provocó que esta incurriera en mora a partir desde el momento en que el acreedor exigió el pago parcial. Art. 1053 del Código Civil de 1930, 31 LPRA sec. 2017. Conforme al Artículo 1061 del Código Civil de 1930, procedía la imposición de intereses del tipo legal. No se encuentran presentes los criterios que exigen nuestra intervención en esta etapa de los procedimientos. No incurrió en abuso de discreción, prejuicio, error manifiesto o parcialidad.

**IV**

Por los fundamentos anteriores, denegamos la expedición del recurso de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones