ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **MARY POWER**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br>**V.**<br><br>**JOSÉ ORLANDO COLÓN CRUZ**<br>PETICIONADO(S)-PETICIONARIO(S) | **KLCE202301257** | ***Certiorari***<br>procedente del Tribunal de Primera Instancia, Sala Municipal de **SAN JUAN**<br><br>Caso Núm.<br>**SJL284-2023-3869**<br><br>Sobre:<br>Ley 284 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 27 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **JOSÉ ORLANDO COLÓN CRUZ** (señor **COLÓN CRUZ**) mediante *Certiorari Civil* incoado el 13 de noviembre de 2023. En su recurso, nos solicita que revisemos la *Resolución Enmendada* dictada el 14 de septiembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Municipal de San Juan.[1] Mediante dicha decisión, el foro *a quo* archivó el caso por la incomparecencia de la señora **MARY POWER** (señora **POWER**).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### – I –

El 6 de septiembre de 2023, la señora **POWER** instó una *Petición de Orden de Protección al Amparo de la Ley Contra el Acecho en Puerto Rico*.[2] Al día siguiente, el 7 de septiembre de 2023, el

---

[1] Esta determinación judicial enmendada fue notificada y archivada en autos el 18 de octubre de 2023. Véase Apéndice del *Certiorari Civil*, págs. 7- 8.
[2] *Íd.*, págs. 26- 29.

Número Identificador: RES2024_____

tribunal primario dictaminó una *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico;* y expidió una *Orden de Citación* en la cual pautó una audiencia para el 14 de septiembre de 2023.[3]

A la audiencia pautada para el 14 de septiembre de 2023 *no compareció* la señora **POWER**. El señor **COLÓN CRUZ** compareció personalmente junto a su representación legal. En la aludida vista, el señor **COLÓN CRUZ** argumentó que la competencia -para atender el caso- era la región de Caguas. Ello, debido a que la señora **POWER** reside fuera de la jurisdicción de Puerto Rico.[4] Ante la incomparecencia de la señora **POWER,** el foro recurrido determinó una *Resolución.*[5]

Más tarde, el 29 de septiembre de 2023, el señor **COLÓN CRUZ** presentó su *Moción Solicitando Reconsideración y la Concesión de Honorarios de Abogados Regla 44.1.(d) y 47, Reglas de Procedimiento Civil 2009 (RPC).*[6] El 2 de octubre de 2023, el foro recurrido decretó la *Resolución Enmendada* "a los fines de corregir comparecencia de las partes".

Al tiempo, el 2 de noviembre de 2023, el señor **COLÓN CRUZ** presentó una *Segunda Moción Solicitando Reconsideración y la Concesión de Honorarios de Abogados Regla 44.1.(d) y 47, Reglas de Procedimiento Civil 2009 (RPC).*[7] El 7 de noviembre de 2023, el tribunal recurrido mediante *Notificación* declaró *no ha lugar* a la segunda solicitud de reconsideración.[8]

---

[3] Véase Apéndice del *Certiorari Civil*, págs. 20- 25 y 19.
[4] *Íd.*, pág. 15. El 23 de octubre de 2023, este mismo panel tuvo ante sí el caso **KLCE202301131** y en aquella ocasión, el recurso de *certiorari* fue desestimado por falta de jurisdicción dado que no se había atendido una solicitud de reconsideración.
[5] *Íd.*, pág. 18.
[6] *Íd.,* págs. 10- 17.
[7] *Íd.*, págs. 2- 6.
[8] *Íd.*, pág. 1.

Insatisfecho con dicho proceder, el 13 de noviembre de 2023, el señor **COLÓN CRUZ** entabló un *Certiorari Civil* ante este Tribunal de Apelaciones. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de San Juan, como cuestión de hecho y de derecho al dictar Resolución archivando la petición al no querer considerar los argumentos de hecho y de derecho del Peticionario presentados en la vista final.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[9] Ante ello, prescindimos de la comparecencia de la señora **Power**.

### – II –

### – A –

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[10] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[11]

De ordinario, la discreción consiste en; "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[12] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[13]

---

[9] 4 LPRA Ap. XXII-B.
[10] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[11] *Íd.*
[12] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[13] *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[14] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[15]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:[16]

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[17]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[18]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[19] Para ello, la Regla

---

[14] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez,* supra.
[15] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[16] 4 LPRA Ap. XXII – B; *IG Builders v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[17] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG,* 205 DPR 163 (2020).
[18] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*
[19] Id.

40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[21] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[22] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[23]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un

---

[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez*, supra; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[21] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[22] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[23] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

craso abuso de discreción.[24] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25]

## – B –

En lo concerniente a la Regla 44.1 (d) de las de Procedimiento Civil de 2009, cuando una parte, o su representación legal, haya procedido de manera temeraria en la correcta tramitación de un pleito, el tribunal deberá imponerle, en la sentencia que emita, la obligación de satisfacer el pago de una suma por concepto de honorarios de abogado.[26] Según la hermenéutica, la temeridad constituye aquel **patrón de conducta** que lleva a una de las partes a incurrir en los gastos de un litigio cuya controversia pudo haberse resuelto fuera de los tribunales.[27]

Por ende, una parte incurre en temeridad cuando está presente alguna de las siguientes circunstancias: (1) contestar una demanda y negar responsabilidad total; (2) defenderse injustificadamente de la acción en su contra; (3) creer que la cantidad reclamada es exagerada y tal sea el único motivo por el cual se opone a las alegaciones de la parte demandante, pudiendo limitar la controversia a la fijación de la correspondiente cuantía; (4) incurrir en un litigio del cual *prima facie* se desprende su responsabilidad y; (5) negar un hecho cuya veracidad conste.[28]

---

[24] *González Ramos v. Pacheco Romero*, 209 DPR 138 (2022); *García v. Asociación*, 165 DPR 311, 322 (2005).
[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[26] 32 LPRA Ap. V, R. 44.1 (d); *Torres Montalvo v. Gobernador ELA*, 194 DPR 760 (2016).
[27] *Blás v. Hosp. Guadalupe*, 146 DPR 267 (1998); *Torres Ortiz v. ELA*, 136 DPR 556 (1994); *Elba ABM v. UPR*, 125 DPR 294 (1990). (énfasis nuestro).
[28] *Blas v. Hosp. Guadalupe*, supra; *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713 (1987).

Así pues, una vez un tribunal con competencia determina que se ha incurrido en temeridad, está llamado a imponer, a la parte que así haya actuado, el pago de cierta cantidad de dinero en concepto de honorarios de abogado.[29] Específicamente, la Regla 44.1 (d) de las de Procedimiento Civil de 2009 enuncia:

> (d) Honorario de Abogado - En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

El precitado estatuto preceptúa en nuestro ordenamiento jurídico procesal la intención de "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito."[30]

De este modo, el juzgador tendrá que adjudicar el monto correspondiente al grado de temeridad desplegado por el actor, ello mediante el ejercicio de su sano juicio. Esto quiere decir que, la determinación que en su día emita sólo será objeto de revisión si ha mediado abuso de discreción en el ejercicio de su ministerio.[31] En ese contexto, la doctrina vigente reconoce que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del

---

[29] *Torres Montalvo v. Gobernador ELA*, supra, pág. 779.
[30] Íd., pág. 778, citando a *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Blás v. Hosp. La Guadalupe*, supra, a la pág. 335.
[31] *Colón Santos v. Coop. Seg. Múlt. PR*, 173 DPR 170 (2008); *Blás v. Hosp. La Guadalupe*, supra; *Fernández v. San Juan Cement Co.*, supra.

caso, hace un análisis liviano y la determinación resulta irrazonable".[32]

**– III –**

En su recurso, el señor **COLÓN CRUZ** punteó que el foro primario incidió al archivar la petición, y no considerar los argumentos de hecho y de derecho presentados en la vista final. En sinopsis, argumentó que la sala de San Juan no era la competente por la señora **Power** residir fuera de la jurisdicción de Puerto Rico; se declaró no ha lugar dicho planteamiento sobre competencia dado que surgía en el expediente una dirección en San Juan; y la señora **Power** y su representación legal procedieron con temeridad y frivolidad razón por la cual el tribunal debía imponerles la responsabilidad de pagar honorarios de abogados.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Tal y como hemos expuesto, un tribunal intermedio no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial. Por otra parte, es sabido que la imposición de honorarios de abogado es una *discrecional*.

El señor **COLÓN CRUZ** no ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del

---

[32] *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

caso o en la discreción del(de la) juez quien presidió la audiencia. De igual modo, no observamos error alguno de parte del foro primario al emitir la *Resolución Enmendada* recurrida.

**– IV –**

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* interpuesto el 13 de noviembre de 2023.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones