Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| NEREIDA GUZMÁN QUINTERO <br><br> RECURRIDA <br><br> v. <br><br> AUTORIDAD DE LOS PUERTOS, ET AL **PERFECT CLEANING SERVICES, INC., Y TRIPLE S PROPIEDAD, INC.** <br><br> PETICIONARIOS | KLCE202400463 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina <br><br> Caso Núm. F DP2011-0388 <br><br> Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2024.

## I.

El 25 de abril de 2024, Perfect Cleaning Services, Inc., y Triple S, Propiedad, Inc. (parte peticionaria) presentaron una *Petición de Certiorari* en la que solicitaron que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 11 de enero de 2024, notificada y archivada en autos el 12 de enero de 2024.[1] Mediante el dictamen, el TPI condenó a la parte peticionaria a pagar en veinte (20) días a la Autoridad de los Puertos y AIG Insurance Company Puerto Rico (parte recurrida) la suma de $62,890.03 por concepto de honorarios de abogados y gastos incurridos por estas en el procedimiento de ejecución de una *Sentencia Parcial* dictada por el foro primario el 3 de noviembre de 2014, más intereses legales desde el 10 de noviembre de 2014. Tanto la *Resolución* recurrida como la *Sentencia*

---

[1] Apéndice de la *Petición de Certiorari*, Anejo LVII, págs. 526-539.

*Parcial* fueron emitidas en el contexto de una reclamación de daños y perjuicios promovida por la señora Nereida Guzmán Quintero (señora Guzmán Quintero) en contra de la parte peticionaria y la parte recurrida.

Junto a su petición, la parte peticionaria radicó una *Moción solicitando se eleve prueba documental y minuta de vista en petición de certiorari* en la que solicitaron que le ordenáramos al TPI elevar cierta prueba documental y una minuta de una vista evidenciaria celebrada el 25 de abril de 2023, con las cuales no contaba dicha parte.

El 26 de abril de 2024, emitimos una *Resolución* en la que le concedimos un término a la parte recurrida para exponer su posición sobre los méritos del recurso y declaramos Ha Lugar la solicitud de la parte peticionaria para elevar los documentos en poder del foro primario, según solicitado. En consecuencia, le concedimos un término al TPI para que los elevara, incluyendo el Registro de Evidencia y la minuta pertinente a la vista evidenciaria.

El 30 de abril de 2024, la parte peticionaria presentó una *Moción acreditando cumplimiento con requisito de notificación* en la que informó que cumplió con lo requerido por el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, sobre la notificación del recurso.

El 2 de mayo de 2024, la parte recurrida radicó una *Moción solicitando al tribunal que se eleven los autos completos* en la que solicitó que ordenáramos al TPI elevar la totalidad de los autos del caso.

El 6 de mayo de 2024, emitimos una *Resolución* en la que declaramos No Ha Lugar la petición de la parte recurrida para que se elevaran los autos completos del foro primario, al ser innecesario.

Ese mismo día, la parte recurrida presentó una *Moción solicitando extensión de término para oponernos al certiorari* en la que

nos solicitó que le concediéramos un término adicional al provisto en nuestra *Resolución* del 26 de abril de 2024 para exponer su posición sobre los méritos del recurso.

Asimismo, radicó una *Moción solicitando desestimación del certiorari* en la que solicitó la desestimación del recurso de epígrafe porque, según planteó, la parte peticionaria no lo presentó dentro del término jurisdiccional para hacerlo y tampoco solicitó la elevación de los autos, ni la transcripción de los procedimientos objeto de revisión.

El 7 de mayo de 2024, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de desestimación promovida por la parte recurrida y le concedimos un nuevo término para exponer su posición sobre los méritos del recurso.

Ese mismo día la parte recurrida presentó una *Oposición a certiorari* en la que solicitó que confirmemos la determinación recurrida y le ordenemos a la parte peticionaria pagar el reembolso total de lo adeudado, así como sanciones a nivel apelativo.

El 9 de mayo de 2024, la parte recurrida radicó una *Moción uniendo tabla para la consideración del Tribunal que consta de una contra-referencia de documentos previamente sometidos por las peticionarias, bajo el KLCE201900950 y que constan en los autos del TPI* en la que sometió un documento identificando la prueba que sostiene la determinación recurrida.

Ese mismo día también, la Secretaria Regional Auxiliar de la Región Judicial de Carolina, la señora María L. Vega Ortiz, emitió una *Certificación* en cumplimiento de nuestra *Resolución* del 26 de abril de 2024 en la que detalló la evidencia documental presentada en la vista, la cual además acompañó en un legajo elevado a esta Curia, la cual hemos tenido oportunidad de examinar.

El 10 de mayo de 2024, la parte peticionaria presentó una *Moción en torno a "Tabla correspondiente..." presentada por la parte*

*recurrida* en la que solicitó que declaráramos No Ha Lugar la moción de la parte recurrida en la que se presentó la tabla de los documentos sometidos previamente por la parte peticionaria y, por consiguiente, ordenáramos el desglose de esta.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales atinentes a la *Petición de Certiorari.*

## II.

El caso de marras tuvo su génesis el 8 de noviembre de 2011 cuando la señora Guzmán Quintero radicó una *Demanda* sobre daños y perjuicios en contra de la Autoridad de los Puertos en reclamación por una caída sufrida por ella en el aeropuerto Luis Muñoz Marín.[2] Posteriormente, se incluyó en el pleito a Perfect Cleaning Services, Inc., como tercero demandado, y se unió Triple S, como aseguradora de esta.

Luego de múltiples trámites procesales, el 4 de noviembre de 2014, el TPI emitió una *Sentencia Parcial* en la que resolvió que la parte peticionaria estaba obligada a relevar a la Autoridad de Puertos de continuar en el litigio y tiene la obligación de proveerle defensa legal a dicha parte.[3] Además, concluyó que actuó temerariamente y ordenó el reembolso de todas las costas, gastos y honorarios de abogado incurridos por la Autoridad de Puertos y AIG desde el 15 de octubre de 2012. Es decir, determinó que la parte peticionaria tenía la obligación de indemnizar y pagar los honorarios de abogado y gastos de defensa incurridos por la parte recurrida, ante su negativa de proveerle defensa legal, a tenor con la documentación suscrita por las partes.

Dicha *Sentencia Parcial* advino final y firme, por lo que la Autoridad de Puertos solicitó que se embargaran los bienes de la

---

[2] Íd., Anejo I, págs. 1-3.
[3] Íd., Anejo V, págs. 13-22.

parte peticionaria para la satisfacción de las cuantías adeudadas, adjudicadas por el TPI. Producto de esa controversia, el 10 de junio de 2019, el TPI emitió una *Resolución en reconsideración* en la que condenó a la parte peticionaria a pagar $9,438.86 a la Autoridad de los Puertos y $52,731.57 a AIG por concepto de reembolso de gastos y honorarios de abogado.[4]

Para impugnar esa decisión, el 15 de julio de 2019, Perfect Cleaning Services Inc. y Triple S, Inc. radicaron una petición de *Certiorari*, la cual recibió el alfanumérico KLCE201900950. Tras varios incidente procesales, el 4 de octubre de 2019, un panel hermano dictó una *Sentencia* en la que expidió el auto solicitado y revocó la determinación del TPI, devolviendo el caso al foro primario para que evaluara la cuantía que la parte peticionaria debía reembolsar a la Autoridad de Puertos y AIG por el período del 15 de octubre de 2012 hasta el 4 de noviembre de 2014, cuando fue dictada la *Sentencia Parcial* a través de prueba documental detallada y pertinente.[5] A su juicio, no estaba clara la cantidad correspondiente a ese período que la parte peticionaria debía pagar y, aún más, se incluyó incorrectamente en ella gastos en ejecución de sentencia, los cuales no serían recobrables hasta que el dictamen original no fuese satisfecho en su totalidad. Por ello, consignó que, una vez se cumpliera con la *Sentencia Parcial*, entonces procedería que el foro primario dirimiera la cantidad a pagar por costas y honorarios de abogado en ejecución de sentencia.

Devuelto el pleito al foro de origen, las partes comenzaron a litigar sobre la cuantía que la parte peticionaria debía satisfacer a la Autoridad de Puertos y AIG.[6] Entre varios incidentes procesales adicionales, el 13 de abril de 2021, el TPI emitió una *Orden* en la

---

[4] Íd., Anejo VII, págs. 27-30.
[5] Íd., Anejo X, págs. 67-79.
[6] Véanse Íd., Anejos XV-LVI.

que dio por cumplido el mandato de la *Sentencia* del Tribunal de Apelaciones en el KLCE201900950 en cuanto a los honorarios de abogado en la etapa <u>anterior</u> a la sentencia.[7]

[7] Después de un tortuoso trámite procesal, que incluyó la celebración de una vista evidenciaria para determinar la suma procedente a reembolsar por los trámites postsentencia, el 11 de enero de 2024, el TPI emitió la *Resolución* recurrida en la que le ordenó a la parte peticionaria pagar $62,890.03, los cuales desglosó, más intereses legales a la Autoridad de Puertos y AIG.[8] Según consignó el foro primario, una vez la parte peticionaria completó el reembolso de los honorarios de abogado por conducta temeraria antes de dictada la *Sentencia Parcial*, se cumplió con la directriz principal de la *Sentencia* emitida por el panel hermano en el KLCE201900950. Por ello, resolvió que le correspondía determinar la cuantía de honorarios de abogado que debía sufragar dicha parte por su conducta temeraria posterior a la *Sentencia Parcial*.

Para llegar a esa determinación, el foro primario realizó una vista evidenciaria el 25 de abril de 2023, en la que se desfilaron múltiples documentos para acreditar la cantidad a reembolsarse. Algunos fueron marcados como *exhíbits* y otros permanecieron como identificación de las partes. Acto seguido, el TPI encontró razonables las facturas sometidas y procedentes por la parte recurrida, autenticadas por acuerdo entre las partes y admitidas en evidencia, en las que la cuantía ascendía a $62,890.03. Formuló determinaciones de hechos y condenó a la parte peticionaria a la satisfacción de esa cantidad, más intereses legales desde el 10 de noviembre de 2014. Además, incluyó entre sus conclusiones lo siguiente:

> Desde el 15 de octubre de 2012 hasta el 30 de diciembre del 2020, la Autoridad de los Puertos estuvo realizando gestiones

---

[7] Íd., Anejo XXXIX, págs. 382-384.
[8] Íd., Anejo LVII, págs. 526-539.

y trabajo legal como parte de los procedimientos de ejecución [de] sentencia para cobrar su sentencia. La Autoridad tuvo casi nueve (9) años tratando de cobrar su sentencia parcial, por la negativa irrazonable de Perfect Cleaning y Triple S de pagar. A base de la totalidad de las circunstancias que permearon el proceso de ejecución de la sentencia dictada por este Tribunal, determinamos que Perfect Cleaning y Triple S, fueron temerarios en el trámite de pagar el reembolso de todas las costas, gastos y honorarios de abogado en que la Autoridad de Puertos incurrió en el asunto de defensa y cubierta que surgen de la referida sentencia parcial.[9]

Inconforme, la parte peticionaria radicó el recurso de epígrafe y le imputó al TPI la comisión de los siguientes cuatro errores:

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER REEMBOLSO POR GASTOS, COSTAS, HONORARIOS DE ABOGADO E INTERESES POR TEMERIDAD LOS CUALES NO CONSTITUYEN GASTOS EN EJECUCIÓN DE SENTENCIA

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR LAS CANTIDADES POR CONCEPTO DE HONORARIOS DE ABOGADO CONCEDIDAS A PUERTOS Y AIG BAJO LOS HECHOS DE ESTE CASO

TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SU DETERMINACIÓN EN FUNCIÓN DE PRUEBA SOBRE LA CUAL NO SE PRESTÓ TESTIMONIO

CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER INTERESES POR TEMERIDAD POR GASTOS, COSTAS, HONORARIOS DE ABOGADO BAJO LA REGLA 51.10 DE GASTOS EN EJECUCIÓN DE SENTENCIA

En síntesis, su posición es que la determinación del TPI sobrepasó los límites de la Reglas 44.1(d) y 51.10 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(d) y R. 51.10. Según argumenta, las Reglas de Procedimiento Civil, *supra*, no autorizan la concesión de una nueva partida de honorarios de abogado por temeridad, sino que únicamente permiten la imposición de costas por los gastos adicionales incurridos para hacer efectiva la sentencia. Además, arguye que la parte recurrida no demostró que los gastos reclamados eran razonables y necesarios para ese fin.

El 7 de mayo de 2024, la parte recurrida presentó su *Oposición a certiorari* en la que solicitó que confirmemos la determinación recurrida y, además, condenemos a la parte peticionaria al pago de

---

[9] Íd., pág. 539.

sanciones a nivel apelativo. Según esbozó, los gastos postsentencia incurridos por la parte recurrida para asegurar la ejecución del dictamen fueron probados y no cuestionados por la parte peticionaria. Asimismo, reiteró que la conducta de la parte peticionaria en el litigio posterior a la sentencia fue temeraria, lo cual obliga al pago de honorarios de abogado bajo las normas de procesales vigentes.

El 9 de mayo de 2024, al elevar ante esta Curia la evidencia solicitada, la Secretaria Auxiliar del Centro y Región Judicial de Carolina emitió una *Certificación* en la que detalló la siguiente evidencia documental presentada en sala:

> **PRUEBA PARTE DEMANDANTE**
> **Exhibit 1** Invoice Plaintiff Nérida Guzmán Quintero #2500511-1 (11 Folios)
> **Exhibit 2** Invoice Plaintiff Nérida Guzmán Quintero #25000511-3 (3 Folios)
> **Exhibit 3** HGInvoice Plaintiff Nérida Guzmán Quintero #25000511-4 (4 Folios)
> **Exhibit 4** Invoice #5 Plaintiff Nérida Guzmán Quintero #25000511-5 (2 Folios)
> **Exhibit 5a-5b** Declaración Jurada de Juan F. Seguí Cordero del 28 de febrero de 2019 (1 Folios)
> Certificación con fecha del 27 de febrero de 2019 (1 Folios)
> **Exhibit 6a-6b** Declaración Jurada de Olga I. Oyola con fecha del 20 de abril de 2023 (1 Folio)
> Autorización Certificada de Alexis Rafael Sánchez Pérez (1 Folio)
>
> **IDENTIFICACIÓN DE LA PARTE DEMANDANTE**
> **Ident. 3** Correos cursados entre la Lcda. Agrait Lladó y la Lcda. López Camuy (71 folios)
> **Ident. 4** AIG Insurance Company – Puerto Rico No. 334368 (1 Folio)
>
> **IDENTIFICACIÓN PARTE DEMANDADA PROVISTO POR LA LCDA LÓPEZ CAMUY**
> **Ident. A** Correo electrónico enviado por la Lcda. Agrait Lladó (1 Folio)
> **Ident. B** Carta con fecha del 23 de mayo de 2014 (2 Folio)
> **Ident. C** Correo electrónico con fecha del 25 de septiembre de 2015 (1 Folio)
> **Ident. N** Correo electrónico con fecha del 15 de diciembre de 2014 (1 Folio)
> **Ident. P** Correo electrónico con fecha del 25 de septiembre de 2015 (1 Folio)

Evaluado el trasfondo procesal del caso y contando con la evidencia documental desfilada ante el foro primario, pormenorizamos el derecho relevante a la atención de la *Petición de Certiorari.*

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1,[10] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un

---

[10] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[11] Asimismo, de ordinario, cuando se suscitan asuntos relacionados a remedios postsentencia, corresponde evaluarlos a la luz de las disposiciones de esta regla.

**B.**

La Regla 44 de Procedimiento Civil, *supra*, R. 44, establece las normativas que rigen la concesión de costas y honorarios de abogado, así como el interés legal aplicable a estas. En concreto, la Regla 44.1(a), *supra*, R. 44.1(a) define las costas, disponiendo que estas comprenderán "los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra".

Entretanto, la Regla 44.1(d), *supra*, R. 44.1(d), rige los honorarios de abogado, prescribiendo lo siguiente:

---

[11] Esta Regla dispone lo siguiente:
    El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(d) *Honorarios de abogado.* En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal **deberá** imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado <u>que el tribunal entienda correspondan a tal conducta</u>. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado. (Énfasis y subrayado nuestro).

De esta norma, se colige que: (1) si un tribunal determina que una parte actuó con temeridad o frivolidad, entonces está obligado a imponerle el pago de honorarios de abogado; y (2) la cuantía impuesta deberá responder a la conducta incurrida.

Para nuestro más alto foro, la imposición de honorarios de abogado y su cuantía es un asunto discrecional del tribunal que únicamente puede ser variado ante un abuso de discreción. ***SLG González Figueroa v. SLG et al.***, 209 DPR 138, 150 (2022); ***SLG Flores Jiménez v. Colberg,*** 173 DPR 843, 866 (2008); ***Blas v. Hosp. Guadalupe,*** 146 DPR 267, 334 (1998). También, haciendo eco de la referida regla, ha reiterado que, si se determina la existencia de temeridad, entonces la imposición del pago de honorarios de abogado es mandatoria. ***Colón Santos v. Coop. Seg. Mult. P.R.,*** 173 DPR 170, 188 (2008); ***Fernández v. San Juan Cement Co., Inc.,*** 118 DPR 713, 717 (1987).

Si bien las Reglas de Procedimiento Civil, *supra,* no proveen una definición de temeridad, cabe indicar que tanto el significado, como los contornos de este amplio concepto han sido objeto de extenso estudio por nuestros tribunales. En ese sentido, se concibe que son temerarias las actuaciones de un litigante que: (1) llevan a un pleito que pudo evitarse; (2) provocan la prolongación indebida del trámite judicial; (3) obligan a otra parte a incurrir en gastos innecesarios para defenderse; o (4) dilatan los procedimientos para que no responda por sus obligaciones. ***SLG González Figueroa v. SLG et al.,*** supra págs. 148 y 149. Asimismo, un litigante que no

salió favorecido actúa con temeridad si obligó a la otra parte a asumir innecesariamente los gastos de un pleito gracias a su "terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos". Íd., págs. 148-149. Por su parte, académicos como el Dr. José Cuevas Segarra han ofrecido aproximaciones al concepto, reseñando que la temeridad se trata de una actitud que se proyecta sobre el procedimiento, que afecta el buen funcionamiento y la administración de la justicia. J. Cuevas Segarra, _Tratado de Derecho Procesal Civil_, 2da ed., Publicaciones JTS, 2011, T. IV, pág. 1307.

De la mano con estas descripciones, el propósito que se busca con la imposición de honorarios de abogado es castigar a los litigantes que alargan innecesariamente los pleitos ya presentados. Íd. Como ha manifestado nuestro más alto foro, se pretende disuadir la litigación innecesaria y alentar las transacciones, sancionando al temerario de forma tal que se compensen los perjuicios económicos y las molestias sufridas por la otra parte. **Torres Ortiz v. ELA,** 136 DPR 556, 565 (1994).

Igualmente, otras instancias en las que nuestro Tribunal Supremo ha reconocido que una parte actúa temerariamente son cuando: (1) contesta la demanda y niega responsabilidad total, pero posteriormente la acepta; (2) se defiende injustificadamente de la acción; (3) cree que la cantidad reclamada es exagerada y es la única razón que tiene para oponerse a las peticiones del demandante, y no admite su responsabilidad pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; (4) se arriesga a litigar un caso del que se desprende _prima facie_ su responsabilidad; y (5) niega un hecho que le consta que es cierto. **C.O.P.R. v. S.P.U.,** 181 DPR 299, 342 (2011); **Blas v. Hosp. Guadalupe,** supra pág. 335; **Fernández v. San Juan Cement Co., Inc.,** supra pág. 719.

Ahora bien, también se ha resuelto que no procede el pago de honorarios de abogado cuando: (1) se plantean controversias complejas y novedosas aún no resueltas; (2) se actúa acorde a una apreciación errónea del derecho y no existen precedentes establecidos sobre el asunto; o (3) existe una desavenencia honesta o discrepancia genuina sobre el derecho aplicable a los hechos del caso. *VS PR, LLC v. Drift-Wind, Inc.,* 207 DPR 253, 277 (2021); *SLG González Figueroa v. SLG et al.*, supra pág. 149; *Blanco Matos v. Colón Mulero,* 200 DPR 398, 429 (2018); *Torres Vélez v. Soto Hernández,* 189 DPR 972, 994 (2013).

Por último, como la Regla 44.1(d) de Procedimiento Civil, *supra,* no detalla la forma y manera en que debe fijarse la cuantía a imponerse por este concepto, la jurisprudencia también ha señalado el camino y ha dispuesto que los tribunales deben tomar en cuenta: (1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada; y (5) el nivel profesional de los abogados. *C.O.P.R. v. S.P.U.,* supra pág. 342.

## C.

Entretanto, la Regla 51 de Procedimiento Civil, *supra*, R. 51, establece las normas pertinentes a la ejecución de sentencias dictadas por los tribunales en nuestra jurisdicción. Ahora bien, la Regla 51.10 de Procedimiento Civil, *supra,* regula los gastos en ejecución y su recobro al disponer, en específico, lo siguiente:

> Serán recobrables todos los gastos necesarios en que razonablemente incurra una parte para hacer efectiva la sentencia a su favor. La solicitud al efecto se presentará bajo juramento de parte o certificación del abogado o de la abogada dentro de los diez (10) días siguientes a la fecha en que se hizo efectiva la totalidad de la sentencia. Se consignará en la solicitud que, según el entender de la parte o del abogado o la abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la ejecución de la sentencia. Cualquier parte que no esté conforme con los gastos reclamados, podrá impugnarlos en todo o en parte dentro del término de diez (10) días contados a partir de aquel en que se le notifique la solicitud de gastos en ejecución. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del

Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.*

De no presentar una impugnación, el tribunal aprobará la solicitud de gastos y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlos.

Esta regla fue incluida por primera vez en las Reglas de Procedimiento Civil promulgadas en 2009 y no tiene contraparte en aquellas aprobadas en 1979, ni las reglas de procedimiento civil federal. Véase el *Informe de Reglas de Procedimiento Civil*, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de Conferencia Judicial y Notarial, 2008, pág. 596. En esta ocasión, fue introducida porque el Comité Asesor Permanente de las Reglas de Procedimiento Civil entendió que, en la etapa de ejecución de sentencia, la parte a cuyo favor se realizó el dictamen incurre en una serie de gastos que deben ser reembolsados por la parte contraria. Íd. Más aún, como detalla el *Informe de Reglas de Procedimiento Civil*, la Regla 51.10, *supra*, y los incisos (a) y (b) de la Regla 44.1, *supra*, son similares. Íd.

Sobre esta regla, el Dr. José Cuevas Segarra comenta que se debió incluir la facultad de imponer honorarios de abogado por la temeridad que se incurra en el proceso de ejecución. Cuevas Segarra, *op. cit.*, págs. 1476-1477.

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI. Un examen sosegado del expediente del caso ante nuestra consideración, de la *Resolución* recurrida, de la prueba elevada ante nos y del trámite ante el foro primario no arroja error alguno que amerite nuestra intervención. No surge de los autos que el TPI haya

incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción al imponerle a Perfect Cleaning Services Inc., y AIG el pago de honorarios de abogado por temeridad, quienes por **cerca de nueve años** intentaron eludir su responsabilidad de cumplir con las órdenes de una sentencia. La actuación del foro primario fue esencialmente correcta en derecho, por lo que no debemos variar su criterio. Por ello, denegamos la expedición del *certiorari* solicitado.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones